IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick D. Shepherd, Jr.           )<br>                                                    )<br>           Plaintiff,                        )<br>                                                    )<br>vs.                                               )<br>                                                    )<br>Community First Bank, *et al.*,     )<br>                                                    )<br>           Defendants.                   )<br>                                                    )<br>_____)    | Civil Action No. 8:15-cv-4337-MGL<br><br>**ORDER** |

Plaintiff Frederick D. Shepherd, Jr., ("Plaintiff"), brought this action for breach of contract in South Carolina state court on September 25, 2015. (ECF No. 1-1). Defendants filed a notice of removal on October 23, 2015, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1). The matter now comes before the Court on Plaintiff's Motion to Remand, (ECF No. 7), filed on November 23, 2015. Defendants filed a Response in Opposition, (ECF No. 12), to which Plaintiff replied. (ECF No. 15). Also before the Court is Defendants' Motion to Dismiss, (ECF No. 9), filed on November 25, 2015, and associated responses and replies, (ECF Nos. 16, 18 and 19), which include legal arguments that are substantially similar to those raised in the briefing on Plaintiff's Motion to Remand.

The Court has carefully considered the pleadings, motions and memoranda of the parties and these matters are now ripe for disposition.

**BACKGROUND**

This case arises out of a "Salary Continuation Agreement," ("The Plan"), concluded between Plaintiff, the former President and CEO of Defendant Community First Bank, and Defendant Community First Bank and its Board of Directors. (ECF No. 1-1 at pp. 6-7). According

1

to its terms, the Plan was "maintained primarily to provide supplemental retirement benefits" to Plaintiff. Id. at p. 16. The Plan provided for an annual payment of $210,000.00 in monthly installments to commence after Plaintiff's 71st birthday and to continue for 20 years. Id. at p. 18.

Beginning on or about December 20, 2011, (Plaintiff's 71st birthday), and continuing through May 2015, Defendants made monthly payments to Plaintiff pursuant to the agreement. Id. at pp. 8-9. However, on or about May 26, 2015, Defendants notified Plaintiff that they would cease making payments under the Plan. Id. at p. 9.

On September 25, 2015, Plaintiff filed an action in Oconee County Court of Common Pleas, alleging causes of action for breach of contract, conversion, unjust enrichment, breach of fiduciary duty, and unfair trade practices. (ECF No. 1-1). On October 23, 2015, Defendants removed the action to this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1). More specifically, in both their Response in Opposition to Plaintiff's Motion to Remand, (ECF No. 7), and in their own Motion to Dismiss, (ECF No. 9), Defendants maintain that Plaintiff's Complaint is completely preempted by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. § 1001, *et seq.*

## LEGAL STANDARDS GOVERNING REMAND

The provisions of 28 U.S.C. § 1441 permit a defendant to remove an action to federal court where the court has "original jurisdiction founded on a claim or right arising under" federal law. 28 U.S.C. § 1441(b). However, a removing defendant bears the burden of establishing that the plaintiff's state law claims are preempted by a federal regime, such as ERISA. See Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 401 (3d Cir. 2004).

In determining whether an action is removable under § 1441(b), the so-called "well-pleaded complaint rule usually applies. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475

2

(1998).  Under this rule, "a cause of action arises under federal law only when the plaintiffs' well-pleaded complaint raises issues of federal law."  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).  For removal to be appropriate, a federal question must appear on the face of the complaint.  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983).

However, a "complete preemption" exception to the well-pleaded complaint rule has been recognized by federal courts in situations where Congress' intent in enacting a federal statutory scheme was to completely preempt state law.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).  Under this exception, federal jurisdiction over a claim exists where "the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  Id.  (internal citation and quotation marks omitted).

Specifically with respect to state law claims allegedly preempted by ERISA, the Fourth Circuit Court of Appeals has instructed that three requirements must be met for complete preemption: (1) the plaintiff must have standing to pursue his claims under the civil enforcement provisions of ERISA § 502(a); (2) the plaintiff's claims must fall within the scope of an ERISA provision that he can enforce via § 502(a); and (3) the plaintiff's claims must not be capable of resolution without an interpretation of an ERISA-governed employee benefit plan.  Kuthy v. Mansheim, 124 Fed. Appx. 756, 757 (4th Cir. 2004) (citing Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 372 (4th Cir. 2003)).

## DISCUSSION

Upon review of the parties' briefing and in view of the above standards, it appears that the critical determination before the Court is whether Plaintiff's claims for breach of the salary

continuation agreement, (or "The Plan"), are properly characterized as an ERISA enforcement action pursuant to § 502(a). If so, they are completely preempted by ERISA.

Based upon the record before it, including Plaintiff's Complaint, (ECF No. 1-1 at pp. 5-14), and the language of the Plan itself, (ECF No. 1-1 at pp. 16-28), which is incorporated by reference into the Complaint as "Exhibit A," the Court is persuaded that Plaintiff's claims are enforceable via ERISA § 502(a) and, therefore, preempted.

Plaintiff alleges in the Complaint, and otherwise maintains in his submissions to the Court, that his claims pursuant to the Plan are not governed by ERISA because the Plan is an "excess benefit plan" as defined at 29 U.S.C. § 1002; that is, "a plan maintained by an employer solely for the purpose of providing benefits for certain employees in excess of the limitations on contributions and benefits imposed by section 415 of [the Internal Revenue Code]." 29 U.S.C. § 1002 (36).

However, as Defendants urge, a simple review of the language of the Plan counsels strongly against a finding that the Plan is in fact an ERISA-exempt "excess benefit plan" as that term is defined under statute and analyzed by the courts. Federal courts have repeatedly emphasized in their holdings that an excess benefit plan is, by definition, one maintained "solely" for the purpose of providing benefits beyond the contribution limits imposed by § 415. Some courts have held that in order to qualify as an excess benefit plan, the plan must specifically refer to § 415. See, e.g. Northwestern Mut. Life Ins. Co. v. Resolution Trust Corp., 848 F.Supp. 1515, 1519 (N.D. Ala. 1994)("[B]ecause the limitations set forth in IRC Section 415 are not fixed, an employee benefit plan cannot serve the purpose of providing benefits in excess of these limitations without expressly referring either to IRC Section 415 or its substantive provisions."). Other courts have engaged in an analysis of the stated purpose or purposes of the plan as determined by its plain language. In Olander v. Bucyrus-Erie Co., for example, the Court analyzed a compensation plan with three stated purposes only one of which was to avoid § 415 limitations and concluded on that

basis that the plan was not ERISA-exempt. 187 F.3d 599, 604 (7th Cir. 1999); see also Garratt v. Knowles, 245 F.3d 941, 946-48 (7th Cir. 2001) (finding that where the stated purpose of the plan at issue was to provide benefits for certain salaried employees "in excess of the limitations imposed by the Internal Revenue Code" in general, and where the plan did not specifically refer to § 415 and also had the purpose of avoiding certain limitations under 26 U.S.C. § 401, the plan was not an "excess benefit plan.").

The plan at issue here makes no reference whatsoever to either § 415 or its substantive provisions. The Plan does, however, include the following language of objective in its earliest paragraphs: "This Salary Continuation Agreement... is entered into… to encourage the Executive [the Plaintiff] to remain an employee of the Bank." (ECF No. 1-1 at p. 16). The Plan also specifically references Plaintiff's "right to bring a civil action under ERISA section 502 (a) following an adverse benefit determination." Id. at p. 22. In light of the foregoing, the Court can comfortably conclude that the Plan concluded between the parties is not "an excess benefit plan" enacted solely to avoid the contribution limits of § 415 but rather a benefit plan for a high value employee–a bank President and CEO–created as a means to entice the individual to remain in his post and subject to ERISA's enforcement provisions.

Having concluded that Plaintiff's claims for breach of the Plan are preempted by ERISA, the Court denies Plaintiff's Motion to Remand, (ECF No. 7), and turns next to a consideration of Defendants' Motion to Dismiss, (ECF No. 9), which was filed just two days after Plaintiff's Motion to Remand. Plaintiff's brief in opposition to Defendants' Motion to Dismiss was due by December 14, 2015. However, Plaintiff did not submit an opposition brief until December 22, 2015. (ECF No. 16). Because Plaintiff submitted this late brief without first moving the Court for leave to file out of time and without offering some justification for the missed deadline,

5

Plaintiff's submission appears to be in violation Rule 6(b) of the Federal Rules of Civil Procedure. On that basis, Defendants filed a Motion to Strike Plaintiff's Brief in Opposition. (ECF No. 18). Because Plaintiff elected not to respond to this motion, the Court is left without any explanation whatsoever for Plaintiff's failure to submit a timely brief in opposition to Defendants' Motion to Dismiss.

Based on the foregoing, the Court is constrained to grant Defendants' Motion to Strike, (ECF No. 18), and withhold from its consideration of Defendants' Motion to Dismiss the content of Plaintiff's stricken submission. Nevertheless, independent of any response or counter-argument offered by Plaintiff, it remains this Court's responsibility to determine whether the relief sought in Defendants' Motion to Dismiss is appropriately granted at this stage in the litigation. The Court concludes that it is not.

The Fourth Circuit has clearly mandated that district courts refrain from automatically dismissing complaints upon a finding that the state law causes of action contained therein are preempted by ERISA. See Singh v. Prudential Health Care Olan, Inc., 335 F.3d 278, 292 (4th Cir. 2003) (citing Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 195 (4th Cir. 2002) ("when a claim under state law is completely preempted and is removed to federal court because it falls within the scope of § 502, the federal court should not dismiss the claim as preempted, but should treat it as a federal claim under § 502.")). A court may, in its discretion, elect to permit a plaintiff to amend the complaint to conform to ERISA remedies or otherwise clarify the scope of the relief requested. See, e.g., Singh at 292. This particular application of the Court's discretion would seem most appropriate where, as here, at the time of the filing of Defendants' Motion to Dismiss, the matter had not progressed beyond the earliest stages of the litigation, and there is no discernable prejudice to any defendant. The Court will extend such leave to Plaintiff here, based

largely upon the Court's determination that efficiency considerations weigh in favor of proceeding in this manner.  Accordingly, Plaintiff shall have thirty (30) days from the filing of this Order in which to amend his Complaint.  Should Plaintiff fail to file a timely Amended Complaint or disregard another, future deadline set by this Court, the Court will not hesitate but to impose sanctions on Plaintiff, up to and including the sanction of dismissal with prejudice.

**WHEREFORE** it is **ORDERED** that: (1) Plaintiff's Motion to Remand and for Attorneys' Fees, (ECF No. 7), is **DENIED**; (2) Defendants' Motion to Strike, (ECF No. 18), is **GRANTED**; and (3) Defendants' Motion to Dismiss, (ECF No. 9), is **DENIED**.

Plaintiff shall have thirty (30) days from the date of this Order in which to amend his Complaint in this federal action.

**IT IS SO ORDERED.**

<u>s/Mary G. Lewis</u>
United States District Judge

March 7, 2016
Columbia, South Carolina