IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| FREDERICK D. SHEPHERD, JR., | CIVIL ACTION FILE |
| | NO. 8:15-CV-04337-MGL |
| Plaintiff, | |
| v. | |
| COMMUNITY FIRST BANK, RICHARD D. BURLESON, GARY V. THRIFT, DR. LARRY S. BOWMAN, WILLIAM M. BROWN, JOHN R. HAMRICK, JAMES E. TURNER, CHARLES L. WINCHESTER, and ROBERT H. EDWARDS, | PLAINTIFF'S NOTICE AND MOTION TO COMPEL DISCOVERY |
| Defendants. | |

TO:     THE DEFENDANTS AND THEIR ATTORNEYS:

YOU WILL PLEASE TAKE NOTICE that fourteen days from the after the service hereof, or at such time and place to be determined by the Court, the Plaintiff, pursuant to Rule 37 of the *Federal Rules of Civil Procedure*, will move the Court for an Order compelling the Defendants to comply with its discovery obligations and fully respond to Defendant Frederick D. Shepherd's Discovery Requests in the above-titled action.

This case involves the termination of the Shepherd's retirement benefits, which were previously paid by the Defendants pursuant to the Community First Bank SERP Plan. After approximately 30 years of loyal service to the Bank, the Defendants terminated his benefits shortly after Shepherd retired. The letter sent to Shepherd informing him of the cessation of benefits did not reference any plan

1

provision justifying this termination. While Shepherd is without significant income for retirement, the Defendants have a pending Motion to Stay the proceedings to exhaust administrative remedies in the Plan, a process the Defendants initially failed to participate in. Presently, in another attempt to delay Shepherd's case, they have failed to fully respond to discovery requests filed in 2015.

The Motion to Compel Discovery is based on the grounds that requested documents are proper objects of discovery and the Defendants have, although being properly requested to do so, refused to produce the documents. The Plaintiff served Discovery Requests on September 25, 2015. (**Exhibit A**) The Defendants responded to Interrogatories on March 2, 2016 (**Exhibit B**) and produced documents on or about April 19, 2016 (**Exhibit C**). After the document production, the parties traded multiple correspondences in attempts to address the Plaintiff's concerns over deficiencies, and in a good faith attempt to resolve this Motion. (**Exhibit D**) The correspondence culminated in the Defendants declining to supplement production with discoverable materials.

The Plaintiff has endeavored to narrow the discovery issues, with as much specificity as possible, to present a manageable and proportional list of supplemental discovery. By the Defendant's actions, however, the Plaintiff has been denied production of discoverable materials pursuant to the following requests:

Discovery Requests #9, #10, #11, #12, #13, & #15. (*See* Exhibit A)

First, requests #9, #10 & #11 deal with the formation and funding of the Plan. In forming and funding the Plan, the Defendants would have met, filed documents with appropriate regulatory agencies, and discussed the Plan's funding. The Plaintiff believes full discovery would include the benefits of any Bank Owned Life Insurance (BOLI) on any person which may have aided funding of Shepherd's Plan, documents filed with regulatory agencies regarding the Plan's inception, meeting

minutes discussing these matters, and all other related documents.

Next, request #12 relates to the administration of the Plan, including investigations and research. In 2012, Community First Bank was categorized "troubled" and under the governance of the FDIC, similar to other banks around this time. The Plaintiff is aware that the Defendants received written and oral advice from outside sources regarding this FDIC's effect on the Plan. The Plaintiff believes full discovery would include meeting minutes, reports, correspondence, and related documents concerning these investigations and the authority to have them conducted.

Lastly, requests #13 and #15 deal with the involvement and interactions with regulatory agencies. During the time the FDIC was managing the Bank, documents show the FDIC reviewed the Plan at issue, and other compensation benefits, in conjunction with inquiries from both the FDIC and Defendants. The Plaintiff believes full discovery would include the corresponding documents as they relate to Shepherd's plans and similar plans.

Therefore, Plaintiff Frederick D. Shepherd, Jr. must file this Motion to resolve this discovery dispute. The Plaintiff submits the Discovery Requests, correspondence, and any such brief of facts and law that may be filed prior to the hearing in support of the Motion.

WHEREFORE, the Plaintiff respectfully requests this Court to compel the Defendants to provide prompt and complete responses to discovery on a date certain, attorney's fees and costs in accordance with FRCP 37(a)(4), and any other such relief the Court deems just and equitable.

{Signature Page Follows}

Respectfully submitted:


By: /s/ Austin F. Watts
Austin F Watts, SC Bar # 78848
Douglas F. Patrick, SC Bar#4358
Covington, Patrick, Hagins, Stern & Lewis
POB 2343
Greenville, South Carolina  29602
864.242.9000

Attorneys for Plaintiff Frederick Shepherd, Jr.

June 16, 2016

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned attorney for the Plaintiff did cause the Motion to Compel to be served upon the attorneys for the Defendants, by filing a copy of the same with the Clerk of Court using the CM/ECF system, on 16th day of June, 2016, which will send a notification to the following:.

| | |
|---|---|
| David R. Price Jr., Esquire<br>David R. Price, Jr., P.A.<br>PO Box 2446<br>Greenville, South Carolina 29602 | Justin N. Outling, Esquire<br>Brooks, Pierce, McClendon, Humphrey &<br>Leonard, LLP<br>2000 Renaissance Plaza, 230 N. Elm St.<br>Greensboro, North Carolina   27401 |

                    COVINGTON, PATRICK, HAGINS
                         STERN & LEWIS

                    By:     /s/  Austin F. Watts
                             Austin F. Watts, Esq.