# EXHIBIT

# A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | CASE NO.: 2015-CP-37- 713 |
| COUNTY OF OCONEE ) | |
| ) | |
| Frederick D. Shepherd, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DISCOVERY REQUESTS |
| ) | |
| Community First Bank, Richard D. ) | |
| Burleson, Gary V. Thrift, Dr. Larry ) | |
| S. Bowman, William M. Brown, ) | |
| John R. Hamrick, James E. Turner, ) | |
| Charles L. Winchester, and Robert ) | |
| H. Edwards, ) | |
| ) | |
| Defendants. ) | |

TO:   THE DEFENDANTS ABOVE-NAMED AND THEIR ATTORNEY

PURSUANT to Rules 33 and 34 of the *South Carolina Rules of Civil Procedure*, Plaintiff hereby requests that the Defendants respond to these interrogatories and requests to produce within thirty (30) days.

## DEFINITIONS

1.   "DOCUMENT" shall mean every writing or record of every type and description that is or has been in YOUR possession, control, or custody, or of which YOU have knowledge, including but not limited to printout sheets, movie film, videotape, slides, photographs, microfilm, notes, letters, memoranda, work sheets, books magazines, notebooks, diaries, calendars, appointment books, charts, tables, papers, agreements, contracts, invoices, budgets, payrolls, check stubs, canceled checks, analyses, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, drafts, data processing discs or tapes, and computer- produced interpretations thereof,

1

instructions, announcements, and mechanical or electric sound recordings and transcripts thereof. DOCUMENT also means all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes, or other notations not present on the original document as originally written, typed, or otherwise prepared.

2. "PERSON" shall mean an individual, corporation, partnership, proprietorship, association, organization, govern-mental entity, or group of persons.

3. "IDENTIFY" shall mean:

(a) When used in reference to an individual, it means to state the person's (1) full name; (2) present business address, or, if unavailable, last known business address; (3) present home address, or, if unavailable, last known home address; (4) business or governmental affiliation and job title, or, if unavailable, last known business or governmental affiliation and job title: and (5) a telephone number at which he can be reached.

(b) When used in reference to any person other than an individual, it means to state the person's (1) full name and d/b/a, if any; and (2) present address or, if unavailable, last known address.

(c) When used in reference to corporate entities, it means to state the corporate name, and date and place of incorporation, and all of its present business addresses.

(d) When used in reference to a document or documentary evidence, it means to state the type of document (e.g., letter, memorandum, telegram, chart), its author and originator, its present location or custodian, the topics dealt with therein, with such reasonable particularity as is sufficient for a specific demand for production, and any identifying marks, numerals, code words or letters distinguishing it from other like documents. If any such document was, but no longer is in

your possession, custody, or control, or in existence, state whether (1) it is missing or lost; (2) it has been destroyed; (3) it has been transferred, voluntarily or involuntarily, to others; or, (4) it has been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, his address, type (e.g., letter, memorandum, telegram, chart, photograph, etc.) date, subject matter, present location(s) and custodian(s), and state whether the document (or a copy) is still in existence.

    4.    "DEFENDANT" shall mean against whom the Discovery Requests are served. When the term "DEFENDANTS" is used, it is inclusive of all named Defendants to this action.

    5.    "COMMUNICATIONS" shall mean any statement made by one person to another, or in the presence of another, or any DOCUMENT delivered or sent from one person to another.

    6.    "SALARY CONTINUATION PLAN" refers to both the Salary Continuation Plan attached as **Exhibit A** to the Complaint. The term "Plan" will reference this document. When used as plural (Salary Continuation Plans or Plans), it refers to a general or similar type agreement.

## INSTRUCTIONS

1. When a request does not specifically request a particular fact, but such a fact is necessary in order to make the answer to the interrogatory comprehensible, complete, or not misleading, you are to include such fact as part of the answer and the interrogatory shall be deemed specifically to request such fact.

2. When, after a reasonable investigation using due diligence, you are unable to answer any interrogatory or any part thereof because of lack of information available to you, specify in detail the type of information which you claim is not available, the reason the information is not available to

you, and what you have done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the interrogatory, set forth the facts upon which such knowledge or belief is based, and identify the person who has or is likely to have the information which you claim is not available.

3. When a request asks for specific information (e.g., a date), identify the information precisely if known. If the precise date or other specific information is unknown to you or your agents, you are to give your best approximation of the information requested, provided that you indicate in your response that the information being provided is an approximation and is incomplete in certain specific respects. Also, identify any person who may be able to provide the exact or complete information requested.

4. If you refuse to provide a complete response to any request due to a claimed privilege or otherwise, describe the basis for your refusal to provide a complete response, including any claim of privilege or work product, in sufficient detail so as to permit the Court to adjudicate the validity of your refusal and identify each fact for which a privilege is claimed.

5. If a discovery request asks for third party information that is protected under any state or federal law, regulation, and/or statute, you are instructed to redact the identity of the third party, including name, social security number, tax ID number, and any other relevant identifier.

## DISCOVERY REQUESTS

1. Give the names and addresses of persons known to you or your client to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of these statements.

2. Set forth a list of photographs, plats, sketches, contracts, or other prepared documents

in possession of the party that relate to the claim or the defense of this case. Produce all documents.

    3.    Set forth the names and addresses of all insurance companies which have liability coverage relating to the claim, and set forth the number or numbers of the policies involved and the amount of liability insurance coverage provided in each policy. Produce each insurance contract identified.

    4.    List the names of any expert witnesses whom the party proposes to call as witnesses at the trial of the case. As to each expert witness provide the following information:

    a.    Produce all documents provided to the expert.

    b.    Produce a copy of the expert's CV.

    c.    Produce copies of all bills submitted by the expert for services rendered.

    c.    Set forth the basis of payment of the expert, e.g. hourly rate, retainer, etc.

    d.    Produce any and all documents in the possession of the expert that relate to the opinions rendered, including all of the expert's notes, memorandums, computations, and drawings.

    e.    Produce all written reports or documents in which the experts opinions and basis of opinions are contained.

    f.    If there are no written reports or documents containing the experts opinions and basis for opinions then give all opinions to which you expect this expert to testify and the factual basis for each opinion.

    5.    For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witness.

    6.    Describe any and all statements previously made by the Plaintiff, through its agents,

servants, and/or employees, concerning the subject matter of the lawsuit, including any written or recorded statement signed or otherwise adopted by the Plaintiff. If there are written or recorded statements produce copies.

7. Describe any and all statements previously made by any of the Defendants concerning the subject matter of the lawsuit, including any written or recorded statement signed or otherwise adopted by the Defendants. If there are written or recorded statements produce copies.

8. If any person(s) has provided, or prepared, Affidavit(s), whether executed or not, relating to any aspect of this action, identify the person(s) providing the Affidavit(s) and produce copies.

9. Produce all documents relating to the investigation, research, negotiations, and formation of the Salary Continuation Plan. This request would include but not be limited to:

   a) All documents relating to the meetings of the Board of Directors or any committee of the Defendant Bank, inclusive of meeting minutes, notes, memorandums, and/or handouts;

   b) All correspondence, memos, research, handouts, or other documents;

   c) All documents relating to discussions, investigations, and/or research of Plans and/or the Plan and all discussions, informal meetings of bank employees, Board of Directors, or Plan Administrators;

   d) Documents relating to all consultations and/or involvement of parties outside of the Defendants' employees, agents, or servants relating to the purpose, drafting, and finalization of the Plan.

10. Produce all documents concerning the execution, signing, or finalization of the Salary

Continuation Plan, including, but not limited to:

    a)     All documents relating to the meetings of the Board of Directors or any committee of the Defendant Bank, inclusive of meeting minutes, notes, memorandums, and/or handouts;

    b)     All correspondence, memos, research, handouts, or other documents;

    c)     All documents relating to discussions, investigations, and/or research of the Plan and all discussions, informal meetings of bank employees, Board of Directors, or Plan Administrators and its execution, signing, or finalization;

    d)     Documents relating to all consultations and/or involvement of parties outside of the Defendants' employees, agents, or servants relating to the purpose, drafting, and finalization of the Plan.

11.     Did the Bank purchase any bank owned life insurance (BOLI) on the lives of Shepherd and/or other bank employees within a year before or after the execution/signing of the Plan? If so,

    a)     Provide details on the amounts and life or lives insured;

    b)     Provide a full accounting of the payments made, the return on investment, and the allocation/use of those funds;

    c)     Did the Bank informally use or assign the return on investment of the BOLI to offset the costs of the Plan? If so, provide all details;

    d)     What was the net cost to the Bank for the accrual of funds for the Plan if the cost was offset by the tax free return on investment in the BOLI?

    e)     Does the Bank still own life insurance on Shepherd? If so, what is the current

7

cash value and the death benefit;

 f) Is there any split dollar life insurance benefit to Shepherd's beneficiaries? If so, how much?

 g) Produce all documents.

12. Produce all documents relating to the implementation and administration of a Salary Continuation Plan from the date of signing in 2007 through present, including, but not limited to:

 a) All documents relating to the meetings of the Board of Directors or any committee of the Defendant Bank, inclusive of meeting minutes, notes, memorandums, and/or handouts;

 b) All correspondence, memos, research, handouts, or other documents;

 c) All documents relating to discussions, investigations, and/or research of the Plan and all discussions, informal meetings of bank employees, Board of Directors, or Plan Administrators;

 d) Documents relating to all consultations and/or involvement of parties outside of the Defendants' employees, agents, or servants relating to the purpose, drafting, and finalization of the Plan.

13. Produce all documents concerning involvement and/or decisions of any regulatory agency concerning the Salary Continuation Plan, including, but not limited to:

 a) All documents sent to or received from any regulating agency;

 b) All documents prepared, considered, or used relating to regulatory agencies;

 c) All documents relating to actions/involvement of regulatory agencies, meetings of the Board of Directors or any committee of the Defendant Bank,

    inclusive of meeting minutes, notes, memorandums, and/or handouts;

  d) All correspondence, memos, research, handouts, or other documents;

  e) All internal discussions, investigations, and/or research relating to the Plan and the involvement and/or discussion of any regulatory agency;

  f) All consultations and/or involvement of parties outside of the Defendants' employees, agents, or servants relating to the purpose, drafting, and finalization of the Plan.

14. Produce all documents concerning any reviews, investigations, requests for opinions, and/or legal analysis concerning the Salary Continuation Plan, including, but not limited to:

  a) All documents submitted to the Bank, Board of Directors, or Plan Administrators or sent from the Bank, Board of Directors, or Plan Administrators;

  b) All documents relating to the meetings of the Board of Directors or any committee of the Defendant Bank, inclusive of meeting minutes, notes, memorandums, and/or handouts;

  c) All correspondence;

  d) All internal discussions, investigations, and/or research relating to review, meetings in regard to opinions and/or legal analysis concerning the Plan;

  e) Documents relating to all consultations and/or involvement of parties outside of the Defendants' employees, agents, or servants relating to the review, meetings in regard to opinions and/or legal analysis concerning the Plan.

15. All documents concerning decisions to reduce, suspend, or terminate payments under

the Salary Continuation Plan by either the Bank, Board of Directors and/or the Plan Administrators, including, but not limited to:

    a) All documents submitted to the Bank, Board of Directors, or Plan Administrators or sent from the Bank, Board of Directors, or Plan Administrators;

    b) All documents relating to the meetings of the Board of Directors or any committee of the Defendant Bank, inclusive of meeting minutes, notes, memorandums, and/or handouts;

    c) All correspondence;

    d) Documents relating to all internal discussions, investigations, and/or research relating to reduction, suspension, or termination of benefits;

    e) All consultations and/or involvement of parties outside of the Defendants' employees, agents, or servants relating to the purpose, drafting, and finalization of the Plan relating to reduction, suspension, or termination of benefits;

16. Produce all documents requested by or submitted to the Bank, Board of Directors, and/or Plan Administrators relating to the rights and obligations of the Defendants in connection with the Salary Continuation Plan, reduction of benefits, suspension or termination of benefits.

17. Identify by date all votes taken by the Board of Directors and/or the Plan Administrators relating to the Salary Continuation Plan. As to each date that a vote was taken, provide the following information:

    a) The reason or reasons for the vote;

      b)      The vote totals;

      c)      The actual vote taken by each individual;

      d)      All actions specifically taken as a result of that vote.

18. Produce all documents concerning the accrual of funds by the Bank pursuant to the Salary Continuation Plan. If not included in documents, prepare and provide a complete accounting of all those funds.

19. State the full and complete basis for each and every reason in support of the Defendants' decisions in regard to the following:

      a)      To suspend payments;

      b)      To reduce payments;

      c)      Produce all documents.

20. Identify each and every investigation, inquiry, or analysis, either by the Defendants or of which the Defendants are aware that relate in any way to any alleged wrongdoing or misconduct by the Plaintiff during his employment with the Defendant Community First Bank. As to each one provide:

      a)      The date commenced;

      b)      Identify all parties involved;

      c)      The results;

      d)      The action/actions taken;

Produce all documents as to each and every investigation, inquiry, or analysis.

21. Provide a full accounting of all funds withheld from payment to the Plaintiff. Produce all documents.

22.    To the extent not already produced, produce all documents submitted to or in the possession of the Bank, members of the Board of Directors, or the Plan Administrators that relate in any way to the Salary Continuation Plan and the issues relevant to the pending litigation.

These Discovery Requests shall be deemed to continue from time of service until the trial of this case so that if any information sought herein comes to your knowledge or the knowledge of your representatives or attorneys after the Answers to Plaintiff's Discovery Requests have been submitted, you are required to supplement your Answers with additional responses in accordance with Rule 33(b) of the Rules of Practice for the Circuit Court of South Carolina.

Respectfully submitted,

_____
Douglas F. Patrick, SC Bar #4358
Austin F. Watts, SC Bar #78848
**DOUGLAS F. PATRICK, P.A.**
Post Office Box 2343
Greenville, South Carolina 29602
(864) 242-9000
Attorneys for the Plaintiff

September 25, 2015

Greenville, SC