# EXHIBIT

# D

# COVINGTON, PATRICK, HAGINS, STERN & LEWIS, LLC

An Association of Independent Attorney Professional Associations

**Austin F. Watts**
Direct Dial: 864.240.5513
Direct Fax:  864.240.5546
Email: awatts@covpatlaw.com

**Douglas F. Patrick, P.A.**
211 Pettigru Street (29601)
P.O. Box 2343
Greenville, SC 29602
www.covpatlaw.com

Main Dial:    864.242.9000
Main Fax:     864.233.9777
Toll Free:    1.800.849.2988

May 17, 2016

<u>**Via Email and U.S. Mail**</u>
James C. Adams, II, Esq.
Justin N. Outling, Esq.
***Brooks, Pierce, McLendon, Humphrey***
***& Leonard, LLP***
P.O. Box 26000
Greensboro, NC 27420

David R. Price, Jr., Esq.
***David R. Price, Jr., PA***
P.O. Box 2446
Greenville, SC 29602-2446

Re:    ***Frederick D. Shepherd, Jr. vs. Community First Bank, Richard D. Burleson, Gary V.***
       ***Thrift, Dr. Larry S. Bowman, William M. Brown, John R. Hamrick, James E. Turner,***
       ***Charles L. Winchester, and Robert H. Edwards***
       **C.A. No.: 8:15-cv-04337-MGL**

Dear Gentlemen:

We have reviewed your discovery responses submitted March 2, 2016, but supplemented with document production on or about April 21, 2016. While we found the initial written responses lacking, we had hoped the required document production would permit us to move forward or, in the alternative, significantly narrow our issues with discovery.

Now, having reviewed your completed discovery responses and we would request additional supplemental responses as follows:

<u>Discovery Requests 9, 10, 11:</u>

These requests address the formation and approval of Mr. Shepherd's Salary Continuation Plan in and around 2007.

We are aware that the Plan was formulated in conjunction with the Bank's purchase of life insurance (BOLI) on key employees. This purchase funded in whole, or part, the Salary Continuation Plan and the Bank has further benefitted by receiving insurance benefits as these various insured have passed away. In addition, the plan and insurance coverage/BOLI required consideration and approval by the Board of Directors and, after approval, various filings were required. We believe we are entitled to:

May 17, 2016
Page Two

    1)    All of the documents concerning the funding of the Salary Continuation Plan;

    2)    All Board of Directors meetings wherein this was discussed, approved, and reviewed;

    3)    All benefits under the BOLI received by the Bank and all remaining insurance contracts not yet realized;

    4)    All filings with regulatory agencies;

    5)    All annual disclosures of the plan benefits through present.

Discovery Request 12:

We are aware that the Bank received opinions from its counsel, and from other sources (Francis Grady) concerning the Salary Continuation Plan payments beginning in 2012, as they related to the potential impact of the FDIC action concerning the bank status (troubled bank). All of these inquiries and opinions were submitted to the Board of Directors and subject to discussions at board meetings. We would request all documents inclusive of board meetings, relevant to these issues.

Discovery Request 13, 15:

These requests relate to involvement or interaction with regulatory agencies, principally, the FDIC.

    1)    We are aware the FDIC received and reviewed the Salary Continuation Plan as well as all other compensation benefits for the Plaintiff in 2012, and, received periodic updates through 2014 for all payments made under the Salary Continuation Plan. We believe we are entitled to specific responses to these questions and corresponding document production;

    2)    In addition, since the Plaintiff's retirement at the end of 2014, it is apparent from the recently produced, but redacted, Board of Directors meeting minutes that the Bank has submitted numerous emails, correspondences, and documents to the FDIC related to the Salary Continuation Plan. There are representations that the Bank was seeking FDIC rulings on the Salary Continuation Plan. We are clearly entitled to these inquiries, and correspondences, inclusive of all responses from the FDIC.

Finally, as it relates to the Board of Directors meeting minutes, wherein these matters were discussed, there are considerable redactions. If all redactions are based on objections as to privilege, please confirm. If not, in light of the Confidentiality Order in place, please remove any redactions not based on privilege.

While we take issues with other discovery responses that are coupled with objections concerning privilege, but not supplemented by appropriate privilege log submissions, we believe full disclosure in the areas identified above will allow us to move forward with other necessary discovery in the hope of bringing this case to a resolution within the Court's current scheduling order.

May 17, 2016
Page Three

      We look forward to your prompt response.

                Sincerely,

                Austin F. Watts

AFW/skg

# COVINGTON, PATRICK, HAGINS, STERN & LEWIS, LLC

### An Association of Independent Attorney Professional Associations

**Austin F. Watts**
Direct Dial: 864.240.5513
Direct Fax: 864.240.5546
Email: awatts@covpatlaw.com

**Douglas F. Patrick, P.A.**
211 Pettigru Street (29601)
P.O. Box 2343
Greenville, SC 29602
www.covpatlaw.com

Main Dial:    864.242.9000
Main Fax:    864.233.9777
Toll Free:    1.800.849.2988

May 27, 2016

**Via E-mail and U.S. Mail**
James C. Adams, II, Esq.
*Brooks, Pierce, McLendon, Humphrey*
*& Leonard, LLP*
P.O. Box 26000
Greensboro, NC 27420

> Re:    *Frederick D. Shepherd, Jr. vs. Community First Bank, Richard D. Burleson, Gary V. Thrift, Dr. Larry S. Bowman, William M. Brown, John R. Hamrick, James E. Turner, Charles L. Winchester, and Robert H. Edwards*
> C.A. No.: 8:15-cv-04337-MGL

Dear Jimmy:

I am writing to follow up on our last letter sent to you on May 17, 2016. In that letter, we sent details of discovery areas we felt needed additional productions. There are only a few areas in which we would expect additional materials. I have yet to see a response, and since we are in Federal Court, I believe we need a deadline on the production of these materials to comply with procedural rules. I propose that these materials are produced by June 8, 2016. If, for some reason, you expect to need more time, please let me know. We are more than willing to work with you, and do not want to file a Motion to Compel.

Sincerely,

*Douglas F. Patrick, PA*

Austin F. Watts

AFW/skg

cc:    David R. Price, Jr., Esq.
        Justin N. Outling, Esq.

## Austin Watts

| | |
|---|---|
| **From:** | Austin Watts |
| **Sent:** | Monday, June 06, 2016 4:59 PM |
| **To:** | 'James C. Adams, II'; david@greenvillelegal.com; Justin N. Outling |
| **Cc:** | Doug Patrick; Sherri Garrett |
| **Subject:** | RE: Fred Shepherd v. Community First Bank, et al. 8:15-CV-04337-MGL |

Jimmy,

Indeed, my letter on May 27 requested document production by June 8, or in the alternative to let us know if you needed more time. Since we did not hear from you, I saw no need to wait until the last minute to file the motion. Thank you for the communication. We will not file a motion tomorrow and await your materials on June 8.

Sincerely,

Austin

---

**From:** James C. Adams, II [mailto:JADAMS@brookspierce.com]
**Sent:** Monday, June 06, 2016 4:11 PM
**To:** Austin Watts; david@greenvillelegal.com; Justin N. Outling
**Cc:** Doug Patrick; Sherri Garrett
**Subject:** RE: Fred Shepherd v. Community First Bank, et al. 8:15-CV-04337-MGL

Austin,

As your letter of May 27 states, and this email confirms, you requested a response by June 8. We expect to provide a response by end of the day Wednesday, June 8.

Jimmy

**James C. Adams, II**
jadams@brookspierce.com

Brooks Pierce
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
T 336-271-3117
F 336-232-9117
www.brookspierce.com

**From:** Austin Watts [mailto:awatts@covpatlaw.com]
**Sent:** Monday, June 6, 2016 3:54 PM
**To:** James C. Adams, II <JADAMS@brookspierce.com>; david@greenvillelegal.com; Justin N. Outling <JOUTLING@brookspierce.com>
**Cc:** Doug Patrick <dpatrick@covpatlaw.com>; Sherri Garrett <sgarrett@covpatlaw.com>
**Subject:** Fred Shepherd v. Community First Bank, et al. 8:15-CV-04337-MGL

Jimmy,

In an effort to move discovery forward, we sent a letter to you on May 17, 2016. In this letter we detailed specific areas where supplementation was necessary and also asked for clarifications as to certain redactions and objections. Unfortunately, we received no response. We actively engaged in another attempt to resolve the issues by sending a letter on May 27, 2016. In that letter, we asked for a timely response to our letter by June 8th, 2016. Again, we received no response.

Due to applicable local rules, we intend to file a Motion to Compel Discovery tomorrow. As such, I am sending this email to let you know if you have not communicated with us by tomorrow, we will have no choice but to involve the Court in the discovery dispute. We are happy to negotiate an agreed extension if you feel like you need more time. I look forward to hearing from you.

Sincerely,

Austin

**Douglas F. Patrick, PA**
**Covington Patrick Hagins Stern & Lewis, L.L.C.***
*(An Association of Independent Attorney's Professional Associations)
**P.O. Box 2343**
**211 Pettigru Street (29601)**
**Greenville SC 29602**

**Direct Dial** 864-240-5513
**Toll Free** 800-849-2988
**Fax** 864-233-9777
awatts@covpatlaw.com

CONFIDENTIALITY NOTICE: This electronic mail has been sent by a lawyer. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege that may attach to this communication.

---

Confidentiality Notice:

The information contained in this e-mail transmittal is privileged and confidential intended for the addressee only. If you are neither the intended recipient nor the employee or agent responsible for delivering this e-mail to the intended recipient, any disclosure of this information in any way or taking of any action in reliance on this information is strictly prohibited. If you have received this e-mail in error, please notify the person transmitting the information immediately.

This e-mail message has been scanned and cleared by MailMarshal SMTP.

---



2000 RENAISSANCE PLAZA
230 NORTH ELM STREET
GREENSBORO, NC 27401

T 336.373.8850
F 336.378.1001
WWW.BROOKSPIERCE.COM

June 8, 2016

**<u>VIA EMAIL</u>**

Douglas F. Patrick
Austin Watts
Covington Patrick Hagins Stern & Lewis
PO Box 2343
Greenville, SC 29602

      Re:    Frederick D. Shepherd, Jr. v. Community First Bank, et al, Case No. 8:15-cv-04337-
             MGL: Letter Response to May 17 and 27, 2016 Letters

Dear Austin:

On behalf of Community First Bank, Inc. ("Community First" or "Bank"), I write in response to your May 17, 2016 and May 27, 2016, letters requesting "additional supplemental discovery responses" from Community First to Discovery Requests 9, 10, 11, 12, 13 and 15 from Mr. Shepherd. Through its production of thousands and thousands of pages of documents to you to date in this case, Community First has fully and completely responded to the Discovery Requests Mr. Shepherd sent to it. Further, for the reasons explained in this letter, Community First respectfully declines your invitation for it to provide to Mr. Shepherd additional documents to which Mr. Shepherd is clearly not entitled, Community First may not provide under the law, or Community First simply does not possess.

<u>Discovery Requests 9, 10, 11</u>

In your May 17 letter, you claim that "[w]e are aware that the Plan was formulated in conjunction with the Bank's purchase of life insurance (BOLI) on key employees. This purchase funded in whole, or part, the Salary Continuation Plan and the Bank has further benefitted by receiving insurance benefits as these various insured have passed away." Apparently based on this understanding, through your letter, Mr. Shepherd requests a myriad of documents relating to the BOLI plans purchased for key Bank employees, including, but not limited to "[a]ll of the documents concerning the funding of the Salary Continuation Plan," "[a]ll Board of Directors meetings wherein this was discussed, approved, and reviewed," "[a]ll benefits under the BOLI received by the Bank and all remaining insurance contracts not yet realized," and "[a]ll filings with regulatory agencies."

Writer's Direct Dial: 336-232-4685        Fax: 336-232-9085        Email: joutling@brookspierce.com

Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.

Attorneys and Counsellors at Law

Douglas F. Patrick
Austin Watts
June 8, 2016
Page 2

Community First, however, previously provided documents to you relating to the BOLI plan involving Mr. Shepherd. These documents include documents Bates-stamped CFB-Shepherd_000119-166 and CFB-Shepherd_000328-331.

Further, to the extent your supplemental document requests relate to BOLI plans provided to persons other than Mr. Shepherd, the requests are plainly irrelevant to any of the parties' claims and defenses in the instant matter and are not proportional to the needs of the case. As you are aware, the lawsuit at hand narrowly concerns Community First's denial of ERISA plan benefits to Mr. Shepherd because, in sum, the Bank was a "troubled bank" during the relevant time period and Mr. Shepherd engaged in gross misconduct during his long tenure as Community First's President. Moreover, Community First searching for, collecting, reviewing, processing and providing you such requested additional documents would be unduly burdensome, especially given the expansive scope of your requests. Accordingly, Community First will not undertake such a burden to provide clearly irrelevant documents to Mr. Shepherd, and has no obligation to do so.

<u>Discovery Request 12</u>

In your May 17 letter, you also state that "[w]e are aware that the Bank received opinions from its counsel, and from other sources (Francis Grady) concerning the Salary Continuation Plan payments beginning in 2012, as they related to the potential impact of the FDIC action concerning the bank status (troubled bank)." In connection therewith, Mr. Shepherd requests documents (including Board minutes) relating to and containing those opinions.

In sharp contrast to Mr. Shepherd's supplemental request for BOLI-related documents relating to persons other than himself, Mr. Shepherd's request on this topic is appropriate. In response to Discovery Request 12, however, Community First has (again) already produced to you any such responsive documents in its possession (unless the provision of certain such documents to you was not allowed or required by law pursuant to, for example, the attorney-client or attorney work product privileges). The Bank's prior production of such responsive documents include documents Bates-stamped CFB-Shepherd_000325-331, which involve Mr. Grady.

<u>Discovery Request 13, 15</u>

Finally, in your May 17 letter you request a supplemental document production of documents relating the FDIC's examinations of the Bank. You assert that you are "aware the FDIC received and reviewed the Salary Continuation Plan as well as all other compensation benefits for the Plaintiff in 2012 and, received periodic updates through 2014 for all payments made under the Salary Continuation Plan."

As you know, Mr. Shepherd was responsible for the operations and management of Community First for decades. Current management is relatively new. Thus, if as your letters suggest, there are certain documents which you believe exist and which should be produced, please

Douglas F. Patrick
Austin Watts
June 8, 2016
Page 3

provide us a list of those specific documents so we can ask specific questions. Community First, however, is not currently aware of any documents responsive to your request (to which you are entitled, have not already been provided or with regard to which the Bank has already informed you it has withheld from production because, for example, the document contains confidential supervisory information). As previously discussed, however, the Bank is willing to undertake additional searches for particular documents at your request.

In short, through the productions of thousands and thousands of pages of documents, Community First has provided Mr. Shepherd all of the documents to which he is entitled, and thus the Bank declines your many requests for supplemental document productions. If you have any questions regarding this letter or the documents already provided to Mr. Shepherd by Community First, please feel free to contact me at joutling@brookspierce.com or (336) 232-4685, or James C. Adams, II at jadams@brookspierce.com or (336) 271-3117.

Very truly yours

Justin N. Outling

Enclosures

cc:    James C. Adams, II (via email)
       David R. Price, Jr. (via email)