


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| FREDERICK D. SHEPHERD, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| COMMUNITY FIRST BANK, COMMUNITY FIRST BANK SERP PLAN, RICHARD D. BURLESON, GARY V. THRIFT, DR. LARRY S. BOWMAN, WILLIAM M. BROWN, JOHN R. HAMRICK, JAMES E. TURNER, CHARLES L. WINCHESTER, and ROBERT H. EDWARDS, | § | Civil Action No. 8:15-04337-MGL |
| | § | |
| Defendants. | § | |
| | § | |

MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DISMISSING WITHOUT PREJUDICE IN PART DEFENDANTS' MOTION TO DISMISS OR STAY

## I. INTRODUCTION

This is an action for the recovery of retirement benefits under a plan (the Plan) governed by the Employee Retirement and Income Security Act of 1974 (ERISA or the Act). The Court has jurisdiction over this matter under 28 U.S.C. § 1331.

Pending before the Court is Defendants Community First Bank (the Bank), Community First Bank SERP Plan, Richard D. Burleson, Gary V. Thrift, Dr. Larry S. Bowman, William M. Brown, John R. Hamrick, James E. Turner, Charles L. Winchester, and Robert H. Edwards' (collectively Defendants) Motion to Dismiss or Stay (Motion to Dismiss). ECF No. 44.

Having carefully considered the Motion to Dismiss, the response, the reply, the record, and the applicable law, it is the judgment of the Court Defendants' Motion to Dismiss will be granted in part and dismissed without prejudice in part. The Court will grant the portion of Defendants' Motion to Dismiss that seeks to require Plaintiff to exhaust administrative remedies available under the Plan. The Court will dismiss without prejudice and with leave to refile the remainder of the Motion to Dismiss.

## II. FACTUAL AND PROCEDURAL HISTORY

The Court draws the relevant background facts largely from Plaintiff's Amended Complaint and, for purposes of this Order, assumes their veracity.

Plaintiff previously served as President and CEO of the Bank. ECF No. 36, ¶ 7. The Bank and Plaintiff entered into the Plan on July 31, 2007, under which the Bank agreed to provide certain supplemental retirement benefits to Plaintiff. *Id.* ¶ 10. The Plan is governed by ERISA. ECF No. 34 at 3-5. The Plan provides the Bank shall pay Plaintiff certain yearly benefits for twenty years if Plaintiff continues to work at the Bank past the age of seventy-one. ECF No. 36-1 at 2-4. The Plan further establishes it will terminate in the event Plaintiff's employment with the Bank is terminated for cause. *Id.* at 6.

Article 6 of the Plan sets forth a claim and review procedure for disputes regarding the payment of benefits under the Plan. *Id.* at 8-9. Article 6.1.1 provides a person who believes benefits have been wrongfully withheld shall submit a written claim for benefits to the Administrator.[1] *Id.* at 8. Under article 6.1.2, the Bank "shall respond to the claimant within 90

[1] The Amended Complaint uses the terms "Plan Administrators" and "Bank" interchangeability. Therefore, the Court will do the same for purposes of this Order.

days after receiving the claim." *Id.* If warranted by special circumstances, the Bank may extend the response period an additional 90 days by notifying the claimant of the extension in writing before the end of the initial response period. *Id.* Article 6.1.3 states "[i]f the Bank denies part or all of the claim, the Bank shall notify the claimant in writing of the denial." *Id.* Article 6.1.3 further specifies certain information the notification of the Bank's denial must contain. *Id.*

Article 6.2 outlines the appellate procedure for reviewing the Bank's denial of a claim made under Article 6.1. *Id.* To initiate a review of the Bank's denial of a claim, a claimant must file a written request for review with the Bank within 60 days after receiving the denial. *Id.* The Bank must notify the claimant in writing of its decision upon review within 60 days of receiving the request for review. *Id.* The Bank's notification of its decision must contain certain information, including the "specific reasons for the denial" and a "statement of the claimant's right to bring a civil action under ERISA section 502(a)." *Id.* at 9.

In accordance with the terms of the Plan, the Bank began making monthly payments to Plaintiff after December 20, 2011, when Plaintiff reached the age of seventy-one. ECF No. 36, ¶ 23. Plaintiff retired from the Bank on December 30, 2014. *Id.* ¶ 25. On May 26, 2015, the Bank, the Bank's Board of Directors, and the Plan Administrators notified Plaintiff the Bank would cease making payments under the Plan. *Id.* ¶ 32.

Plaintiff sent a written notice and claim to the Bank on June 19, 2015, requesting the Bank and Plan Administrators review the decision to cease making payments under the Plan and reinstate his benefits. *Id.* ¶ 36. The Bank and Plan Administrators sent a notice to Plaintiff acknowledging receipt of his claim. *Id.* ¶ 37. The notice indicated the Bank treated Plaintiff's claim as originating under Article 6.1.1 of the Plan and would respond accordingly. *Id.* The Bank, however, failed to notify Plaintiff of its decision regarding his claim within 90 days of receiving

the claim as required by the Plan. *Id.* ¶ 39. The Bank also neglected to notify Plaintiff it needed additional time to respond to his claim. *Id.*

Subsequent to Plaintiff's June 19, 2015, demand for benefits, the Bank filed an action in state court against Plaintiff alleging fraud, breach of contract, and unjust enrichment. *Id.* ¶ 41.

Plaintiff filed his initial Complaint in this matter on September 25, 2015, in the Court of Common Pleas for Oconee County, South Carolina. ECF No. 1-1. Defendants removed the case to this Court on October 23, 2015. ECF No. 1. Plaintiff filed his Amended Complaint (Complaint) on March 31, 2016. ECF No. 36. The Complaint asserts claims against Defendants for recovery of benefits, administrative remedy, equitable relief under ERISA, anti-retaliation, and attorneys' fees and costs.

Defendants filed their Motion to Dismiss on May 9, 2016. ECF No. 44. Plaintiff responded to the Motion to Dismiss on May 26, 2016, ECF No. 45, and Defendants replied on June 6, 2016, ECF No. 46. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Defendant's Motion to Dismiss.

## III. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although Rule 8(a) does not require "'detailed factual allegations,'" it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), to "'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, even if doubtful in fact. *Twombly*, 550 U.S. at 555.

"[A]n ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132." *Makar v. Health Care Corp. of Mid-Atl. (CareFirst)*, 872 F.2d 80, 82 (4th Cir. 1989).

## IV. CONTENTIONS OF THE PARTIES

Defendants first assert in their Motion to Dismiss that Plaintiff's claim for an administrative remedy under ERISA must be dismissed for failure to state a claim. Defendants allege the Complaint reveals, contrary to Plaintiff's assertion, Defendants did in fact inform Plaintiff of their decision to deny Plaintiff benefits under the Plan. Defendants further claim ERISA fails to authorize penalties for the ERISA violation of which Plaintiff complains.

Defendants next contend the case should be dismissed without prejudice or stayed because Plaintiff failed to exhaust the administrative appeals process outlined in the Plan. Defendants admit a claimant's failure to exhaust plan remedies may be excused on the basis of futility or a denial of meaningful access to plan review procedures. Defendants posit, however, Plaintiff has neglected and is unable to show the exception applies in this case.

Defendants further propound, even if they failed to adequately respond to Plaintiff's claim, the appropriate remedy under Fourth Circuit precedent is to remand to Defendants for a full review under the Plan. Defendants suggest a plan administrator's failure to provide adequate notice denying a claim constitutes a denial of the claim allowing the claimant to pursue review procedures under his plan. Defendants argue the case should be dismissed without prejudice or stayed to allow Plaintiff's claim to go through the full administrative appeals process outlined in the Plan. Defendants also represent Plaintiff has failed to dispute the case should be stayed for further administrative review.

In opposition to Defendants' Motion to Dismiss, Plaintiff contends the Complaint properly states a claim for administrative remedies because 29 U.S.C. § 1132(c) authorizes a penalty if a plan administrator fails to comply with a written request for documents. Plaintiff maintains the Complaint adequately alleges a claim for relief under 29 U.S.C. § 1132(c) because it asserts

Plaintiff submitted a request for information Defendants ignored. Plaintiff avers, to the extent the Complaint fails to outline the specifics of Plaintiff's request for information, that issue is one for summary judgment.

In response to Defendants' position the action should be dismissed or stayed for failure to exhaust administrative remedies, Plaintiff first propounds failure to exhaust administrative remedies is an affirmative defense, which is inappropriate to decide on a motion to dismiss.

Plaintiff next insists the Complaint alleges facts sufficient to deem administrative remedies exhausted under the circumstances. Plaintiff explains his letter to the Bank objecting to the termination of benefits and requesting a review of the decision complied with the Plan's administrative review procedure, but the Bank failed to timely respond as mandated by the Plan. Plaintiff posits, under 29 C.F.R. § 2650.503-1(l), administrative remedies are deemed exhausted in this case as a result of Defendants' failure to timely respond to his claim, and he is therefore entitled to pursue litigation. Plaintiff asserts none of the cases relied upon by Defendants to support a dismissal or stay for further administrative review analyzes the effect of 29 C.F.R. § 2650.503-1(l).

The Court notes there is no regulation codified as 29 C.F.R. § 2650.503-1(l). It appears Plaintiff is instead relying on 29 C.F.R. § 2560.503-1(l), which states "in the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan." The Court will refer to this regulation when analyzing Defendants' Motion to Dismiss.

Plaintiff further argues, even if ERISA regulations fail to deem Plaintiff's administrative remedies exhausted, the exception to exhaustion of administrative remedies applies because Plaintiff has been denied meaningful access to the Plan's review procedure, and further pursuit of

administrative remedies would be futile. Additionally, Plaintiff suggests the allegations in the Complaint that the Bank filed an action against him in state court in retaliation for his claim for benefits shows further pursuit of administrative remedies would be futile.

## V. DISCUSSION AND ANALYSIS

Resolution of Defendants' argument the case should be dismissed without prejudice or stayed for Plaintiff's failure to exhaust administrative remedies is potentially dispositive of all other contentions. Therefore, the Court will consider that argument first.

### A. Failure to Exhaust Administrative Remedies May Be Considered on a Motion to Dismiss

The Court rejects Plaintiff's contention failure to exhaust administrative remedies is an affirmative defense inappropriate to be considered on a motion to dismiss. Failure to exhaust administrative remedies can properly serve as the basis for a motion to dismiss in an ERISA action. *See, e.g.*, *Hickey v. Dig. Equip. Corp.*, 43 F.3d 941, 945 (4th Cir. 1995) (upholding a district court's granting of a motion to dismiss based on the plaintiffs' failure to exhaust administrative remedies provided for in their ERISA plans). Consequently, the Court will consider Defendants' position the case should be dismissed without prejudice or stayed for failure to exhaust administrative remedies.

### B. Plaintiff Does Dispute a Stay is Appropriate

Defendants assert in their reply Plaintiff has failed to dispute a stay is appropriate. Defendants' characterization of Plaintiff's positions is erroneous. In Plaintiff's response to Defendants' Motion to Dismiss, he vigorously opposes Defendants' Motion as a whole. *See* ECF No. 45. Nowhere in the response does Plaintiff concede a stay is appropriate. Plaintiff states twice the Court should not require him to further exhaust plan remedies. *Id.* at 9, 10. By opposing

Defendants' Motion and insisting he should not be required to take further actions to exhaust administrative remedies, Plaintiff sufficiently disputes Defendants' requests both to dismiss without prejudice and to stay the case.

### C. Remand to the Plan Administrator is the Proper Remedy for Defendants' Alleged Procedural Violation Resulting in a Failure to Exhaust Administrative Remedies

The Court will now turn to the substance of Defendants' argument the case should be dismissed without prejudice or stayed for Plaintiff's failure to exhaust administrative remedies.

It is undisputed Plaintiff has not gone through all the levels of administrative review available under the Plan. It is likewise uncontested a plaintiff is generally required to exhaust administrative remedies before filing an ERISA action in district court. The issue here, however, is whether Plaintiff may nevertheless pursue his action under the circumstances present here.

Defendants submit any failure on their part to provide adequate notice denying Plaintiff's claim constituted a denial of the claim that allowed Plaintiff to pursue further review procedures under the Plan. Because Plaintiff failed to do so, Defendants maintain this action must be dismissed without prejudice or stayed to allow for a full review under the Plan. The Court is unpersuaded by this argument.

Defendants rely on *Sheppard & Enoch Pratt Hospital, Inc. v. Travelers Insurance Co.*, 32 F.3d 120 (4th Cir. 1994) to support their position a failure to provide notice denying a claim constitutes a denial permitting a plaintiff to pursue further internal review. In *Sheppard*, the Fourth Circuit explained applicable ERISA regulations "provide that a failure to give notice within a reasonable period of time is to be deemed a denial of a claim which permits the claimant to pursue internal review procedures." *Id.* at 127 (citing 29 C.F.R. § 2560.503-1(e)(2)). The regulatory language relied upon by the court in making this statement, 29 C.F.R. § 2560.503-1(e)(2) (1993),

is absent from the current version of the same ERISA regulation applicable to this action.[2] *See* 29 C.F.R. § 2560.503-1 (2017). Therefore, the holding in *Sheppard* cited by Defendants is inapplicable to this matter.

Plaintiff asserts 29 C.F.R. § 2560.530-1(l) deems administrative remedies in this case exhausted as a result of Defendants' failure to timely respond to his claim and permits him to maintain this action. Defendants insist, under Fourth Circuit precedent, the appropriate remedy for a plan administrator's procedural violation such as the one alleged by Plaintiff is a remand to the plan administrator for a full internal review. The Court agrees with Defendants.

The regulation states, in relevant part:

> [I]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.530-1(l). Section 502 of ERISA specifies the civil enforcement procedures for the Act, including the circumstances under which a civil action may be brought. *See* 29 U.S.C. § 1132(a).

In *Gagliano v. Reliance Standard Life Insurance Co.*, 547 F.3d 230 (4th Cir. 2008), the Fourth Circuit held the appropriate remedy for a plan administrator's procedural violation of ERISA is to remand the case to the administrator for a full review. *Id.* at 239-41. The court in *Gagliano* explained "[i]n cases where there is a procedural ERISA violation, we have recognized the appropriate remedy is to remand the matter to the plan administrator so that a 'full and fair review' can be accomplished." *Id.* at 240. The court further clarified "[t]he only exception to that

---

[2] The current version of the regulation provides it applies to claims filed on or after January 1, 2002. 29 C.F.R. § 2560.503-1(p)(1).

rule would be where the record establishes that the plan administrator's denial of the claim was an abuse of discretion as a matter of law." *Id.*

In *Gagliano*, the court held the plan administrator violated ERISA by failing to include appeal information in a letter to the plaintiff terminating benefits. *Id.* at 236. The plan at issue in *Gagliano* contemplated an appeal of an initial denial of benefits as part of its administrative review process. *See id.* at 232-33. At the time the court issued its ruling in *Gagliano*, administrative remedies under the plaintiff's plan were unexhausted because the parties had not completed an appeal of the plan administrator's denial letter. *See id.* at 233-36.

As stated above, Plaintiff has failed to complete all the levels of administrative review available under the Plan. Further, according to the allegations of the Complaint, which the Court deems true for purposes of this motion to dismiss, Defendants failed to timely respond to Plaintiff's claim. The Court holds Defendant's failure to timely respond constitutes a procedural violation of ERISA and of Article 6 of the Plan. *See* 29 C.F.R. § 2560.503-1(f)-(g) (outlining timing and content requirements for notifications of a benefit determination in response to a claim); ECF No. 36-1 at 8-9. Because the plan administrator in *Gagliano* had also committed a procedural violation of ERISA, and administrative remedies in that case were similarly unexhausted, *Gagliano* is analogous in relevant aspects to this case.

A discussion of 29 C.F.R. § 2560.530-1(l) is absent from the court's opinion in *Gagliano*. *See Gagliano*, 547 F.3d 230. The *Gagliano* court does, however, repeatedly cite to other portions of the 2008 version of 29 C.F.R. § 2560.530-1 as the basis for procedural requirements governing the defendant's review of the plaintiff's claim. *Id.* at 235-37. The 2008 version of 29 C.F.R. § 2560.530-1 contained a provision identical in all pertinent ways to the current version of 29 C.F.R. § 2560.530-1(l) applicable here. *Compare* 29 C.F.R. § 2560.530-1(l) (2008) *with* 29 C.F.R.

§ 2560.530-1(l) (2017). Therefore, the relevant language of 29 C.F.R. § 2560.530-1(l) was also applicable in *Gagliano*.

In accordance with the above discussion, *Gagliano* is controlling. The Court will therefore follow *Gagliano* and hold the proper remedy for Defendants' failure to timely respond to Plaintiff's claim is to remand to Defendants for a full and complete review of the claim under the Plan's internal review procedures. The exception to remand pronounced in *Gagliano*—instances in which the record establishes a denial of a claim was an abuse of discretion as a matter of law, *Gagliano*, 547 F.3d at 240—appears to be inapplicable here in that the parties fail to present any argument on this basis.

The Court notes, although there might appear at first blush to be some tension between 29 C.F.R. § 2560.530-1(l) and the pertinent holding in *Gagliano*, the two are not inconsistent. The regulation clarifies a district court has subject matter jurisdiction despite a plaintiff's failure to exhaust administrative remedies while *Gagliano* announces a general policy of exercising discretion to remand to a plan administrator to allow internal review procedures to play out. The policy articulated in *Gagliano* does not abrogate 29 C.F.R. § 2560.530-1(l) because it includes an exception for situations when "the record establishes that the plan administrator's denial of the claim was an abuse of discretion as a matter of law." *Gagliano*, 547 F.3d at 240. The general policy established by *Gagliano* furthers goals of judicial economy and efficiency because it encourages a full and complete internal review of a plaintiff's claim before the claim is litigated in court, which gives the parties ample opportunity to resolve the claim themselves. *See Makar*, 872 F.2d at 82 (noting a "strong federal interest encouraging private resolution of ERISA disputes" (citation omitted)). Additionally, if the parties are unsuccessful in resolving the dispute on their

own, the record they develop provides the district court with a well-developed record when considering a plaintiff's claim.

### D. The Exception to the Exhaustion of Administrative Remedies Requirement is Inapplicable

Plaintiff also argues, in the event ERISA regulations fail to deem his administrative remedies exhausted, his failure to exhaust should be excused because he has been denied meaningful access to internal review procedures, and further attempts to exhaust would be futile. Plaintiff points to Defendants' failure to respond to his claim and the allegation in his Complaint Defendants filed a retaliatory suit in state court against him as evidence of futility and a denial of meaningful access to internal review procedures. The Court is unpersuaded.

A plaintiff must make a "clear and positive" showing further attempts to exhaust administrative remedies would be futile to invoke the exception to the exhaustion requirement. *Makar*, 872 F.2d at 83. "[B]are allegations of futility" are insufficient. *Id.* Here, Plaintiff's conclusory allegations in the Complaint that Defendants have sued him in state court in retaliation for his benefits claim fall short of a clear and positive showing further attempts to exhaust internal review procedures would be futile. The Complaint provides no details regarding the Defendants' state court lawsuit, and the Court is unable to conclude further internal review of Plaintiff's claim would be futile. Defendants' failure to timely respond to Plaintiff's claim is likewise insufficient to demonstrate further review would be futile, particularly where, as here, Defendants are seeking the opportunity to conduct a full and complete review of the claim.

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Defendants' Motion to Dismiss is **GRANTED IN PART** and **DISMISSED WITHOUT**

**PREJUDICE IN PART**. The portion of Defendants' Motion to Dismiss seeking to require Plaintiff to exhaust administrative remedies available under the Plan is **GRANTED**. Plaintiff and Defendants are hereby ordered to complete a full review of Plaintiff's benefits claim under the claim review procedures of the Plan within sixty days of the filing of this Order. The remainder of Defendants' Motion to Dismiss is **DISMISSED WITHOUT PREJUDICE** with leave to refile. All other non-dispositive motions pending in this matter are **DISMISSED WITHOUT PREJUDICE** with leave to re-file.

**IT IS SO ORDERED.**

Signed this 24th day of February 2017 in Columbia, South Carolina.

s/Mary Geiger Lewis______________
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE