

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| FREDERICK D. SHEPHERD, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| COMMUNITY FIRST BANK, COMMUNITY FIRST BANK SERP PLAN, RICHARD D. BURLESON, GARY V. THRIFT, DR. LARRY S. BOWMAN, WILLIAM M. BROWN, JOHN R. HAMRICK, JAMES E. TURNER, CHARLES L. WINCHESTER, and ROBERT H. EDWARDS, | § § § § § § § | Civil Action No. 8:15-04337-MGL |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND DISMISSING DEFENDANTS' STATE LAW COUNTERCLAIMS**

**I.    INTRODUCTION**

This is an action for the recovery of retirement benefits under a plan (the Plan) governed by the Employee Retirement and Income Security Act of 1974 (ERISA). The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367.

Pending before the Court is Plaintiff's Motion to Dismiss, in which Plaintiff requests the Court dismiss Defendants' state law counterclaims on the basis they are preempted by ERISA. ECF No. 77. Having carefully considered Plaintiff's Motion to Dismiss, the response, the reply,

the record, and the applicable law, it is the judgment of the Court Plaintiff's Motion to Dismiss will be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

The factual and procedural history of this matter is somewhat extensive, but the Court need not recite it in full. Rather, the Court will summarize only the points relevant to Plaintiff's Motion to Dismiss.

Plaintiff previously served as the President and CEO of Defendant Community First Bank (Bank). ECF No. 36, ¶ 7. The Bank and Plaintiff entered into the Plan on July 31, 2007, pursuant to which the Bank agreed to provide certain supplemental retirement benefits to Plaintiff. *Id.* ¶ 10. The Plan provides the Bank shall pay Plaintiff certain yearly benefits for twenty years if Plaintiff continues to work at the Bank past the age of seventy-one. ECF No. 36-1 at 2-4. The Plan further establishes it will terminate in the event Plaintiff's employment with the Bank is terminated for cause. *Id.* at 6.

In accordance with the terms of the Plan, the Bank began making monthly payments to Plaintiff after December 20, 2011, when Plaintiff reached the age of seventy-one. ECF No. 36, ¶ 23. Plaintiff retired from the Bank on December 30, 2014. *Id.* ¶ 25. On May 26, 2015, the Bank, the Bank's Board of Directors, and the Plan Administrators notified Plaintiff the Bank would cease making payments under the Plan. *Id.* ¶ 32.

Plaintiff filed his initial Complaint in this matter in the Court of Common Pleas for Oconee County, South Carolina, ECF No. 1-1, and Defendants removed the case to this Court, ECF No. 1. In his amended complaint (Complaint), Plaintiff asserts ERISA claims against Defendants for recovery of benefits, administrative remedy, equitable relief, anti-retaliation, and attorneys' fees

2

and costs. ECF No. 36. In Defendants' answer to the Complaint and amended counterclaims, they assert state law counterclaims for fraud, breach of contract/breach of duty of loyalty, unjust enrichment, and breach of fiduciary duty, as well as ERISA-based counterclaims for enforcement of plan and breach of fiduciary duty to plan. ECF No. 74.

Plaintiff filed his Motion to Dismiss on August 4, 2017. ECF No. 77. Defendants responded on August 23, 2017, ECF No. 81, and Plaintiff replied on August 30, 2017, ECF No. 82. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Plaintiff's Motion to Dismiss.

### III. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a [pleading]." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although Rule 8(a) does not require "'detailed factual allegations,'" it requires "more than an unadorned, the-defendant [or counterclaim defendant]-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), to "'give the defendant [or counterclaim defendant] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In other words, "a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when it "pleads factual content

3

that allows the court to draw the reasonable inference that the defendant [or counterclaim defendant] is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss, a non-movant's well-pled allegations are taken as true, and the pleading and all reasonable inferences are liberally construed in the non-movant's favor. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may consider only the facts alleged in the pleading, which may include any documents either attached to or incorporated in the pleading, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the non-movant's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the pleading are true, even if doubtful in fact. *Twombly*, 550 U.S. at 555.

## IV. CONTENTIONS OF THE PARTIES

Plaintiff argues in his Motion to Dismiss that Defendants' state law counterclaims for fraud, breach of contract/breach of duty of loyalty, unjust enrichment, and breach of fiduciary duty are preempted by ERISA and should be dismissed. Plaintiff explains that, under 29 U.S.C. § 1144(a), ERISA preempts state law claims that "relate to" a plan governed by ERISA. Plaintiff contends Defendants' counterclaims arising under state law relate to the Plan because they are based on the same factual allegations Defendants assert as a justification for their refusal to pay Plaintiff benefits under the Plan. Plaintiff further maintains the remedies Defendants seek on the counterclaims reveal Defendants are using the counterclaims to obtain an ERISA benefits

determination and to enforce the Plan. Plaintiff insists Defendants are improperly attempting to use their counterclaims as an alternative enforcement mechanism to deny Plan benefits and to recover previous Plan payments made to Plaintiff.

Defendants counter ERISA fails to preempt their state law counterclaims merely because the claims are supported by allegations that also support ERISA claims or actions taken regarding an ERISA plan. Defendants posit their tort counterclaims for fraud and breach of fiduciary duty are not preempted because they are based on tort law notions of honesty and fairness and on misconduct that occurred before the execution of the Plan. Similarly, Defendants aver ERISA fails to preempt their breach of contract claim because the claim is based on a separate contract not governed by ERISA, and their unjust enrichment claim survives because it does not seek enforcement of the Plan.

## V. DISCUSSION AND ANALYSIS

There are two types of preemption under ERISA—conflict preemption and complete preemption. *See Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003). When a state law claim is completely preempted by ERISA, it is converted into a federal ERISA claim. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002). Under conflict preemption, a state law that conflicts with ERISA is superseded, and preemption may be asserted as a defense to the claim. *See id.* at 186-87.

Plaintiff argues Defendants' state law counterclaims must be dismissed as preempted by ERISA, and Plaintiff's analysis tracks a discussion of conflict preemption. Thus, Plaintiff's Motion to Dismiss is based upon the doctrine of conflict preemption, and the Court will confine its analysis accordingly.

5

The scope of ERISA's conflict preemption is defined by 29 U.S.C. § 1144(a), which provides ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to" any ERISA plan. 29 U.S.C. § 1144(a); *see also, e.g.*, *Sonoco Prods.*, 338 F.3d at 371. For preemption purposes, a law "relates" to an ERISA plan "if it has a connection with or reference to such a plan." *Coyne v. Delany Co. v. Selman*, 98 F.3d 1457, 1467 (4th Cir. 1996) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983)). Thus, the scope of ERISA's conflict preemption is expansive. *See, e.g.*, *Cal. Div. of Labor Standards Enf't v. Dillingham Constr. N.A., Inc.*, 519 U.S. 316, 324 (1997).

The Supreme Court has counseled that the objectives of ERISA should serve as a guide to the scope of its preemption. *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995); *see also Coyne*, 98 F.3d at 1468. The Supreme Court has further explained Congress' intention in passing 29 U.S.C. § 1144(a), the preemption provision of ERISA, was:

> to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government . . . , [and to prevent] the potential for conflict in substantive law . . . requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction.

*Travelers Ins. Co.*, 514 U.S. at 656-67 (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990)).

Given the objectives of ERISA and its preemption clause, it is established that Congress intended ERISA to preempt at least three categories of state laws: "(1) laws that mandate employee benefit structures or their administration, (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative practices, and (3) laws that provide

6

alternative enforcement mechanisms to ERISA's civil enforcement provisions." *Darcangelo*, 292 F.3d at 190 (citing *Travelers Ins. Co.*, 514 U.S. at 658-59)).

The Court notes the procedural posture of this case and the nature of Defendants' state law counterclaims are somewhat unusual, and the parties have failed to cite any controlling precedent involving an analogous situation. The Court is likewise unaware of any controlling precedent speaking directly to the preemption issues before the Court. Nevertheless, given the established legal standards governing ERISA conflict preemption, the Court is able to comfortably hold Defendants' state law counterclaims are related to the Plan and are therefore preempted by ERISA under 29 U.S.C. § 1144(a).

It is undisputed Defendants' counterclaims are based on the same allegations as their reasons for terminating Plaintiff's benefits under the Plan. Because Defendants' counterclaims and justifications for terminating Plaintiff's Plan benefits are based upon the same allegations, the counterclaims have a connection to the Plan and are related to it. Furthermore, Defendants reference and rely upon the Plan numerous times in their counterclaims. *See* ECF No. 74 ¶¶ 138, 143, 145, 159, 165, 169. As such, the Court holds Defendants' counterclaims are related to the Plan within the meaning of 29 U.S.C. § 1144(a) and are preempted by ERISA.

The Defendants' theories of recovery and the remedies they seek in their counterclaims further reveal the relation of the claims to the Plan because the Defendants are attempting to use the claims to seek a benefits determination and to enforce their rights under the Plan. In their fraud claim, Defendants assert Plaintiff fraudulently induced them into the Plan, which caused them to suffer damages including Plan payments made to Plaintiff. *Id.* ¶¶ 143, 159. In the breach of contract/breach of duty of loyalty claim, Defendants aver Plaintiff's alleged misconduct violated his employment agreement as well as the Plan. *Id.* ¶ 165. Defendants allege in their unjust

7

enrichment claim Plaintiff has wrongfully retained benefits paid under the Plan. *Id.* ¶ 169. Defendants' breach of fiduciary duty claim is conclusory, but it incorporates the preceding paragraphs of the counterclaims and therefore relies upon the same theories of recovery as the other state law counterclaims. *See id.* ¶¶ 171-74. Thus, Defendants' counterclaims emphasize Plaintiff's alleged wrongdoing in connection with the Plan and seek damages including recoupment of payments made to Plaintiff under the Plan. Accordingly, the Court interprets Defendants' counterclaims as seeking a benefits determination and as an attempt to enforce the terms of the Plan, and such claims are therefore related to the Plan.

Moreover, because Defendants' state law counterclaims and their reasons for terminating Plaintiff's Plan benefits are premised on the same allegations of wrongdoing, adjudication of Defendants' counterclaims would create the potential for an inconsistent resolution of this case. For example, if Defendants were to prevail on their claims and to recover Plan payments they made to Plaintiff as damages, and Plaintiff were to prevail on his ERISA claims, an inconsistent judgment would result, and there would be a conflict in the law governing the Plan. Such a result is contrary to the objectives of ERISA preemption of developing a uniform body of benefits law and preventing the potential for conflict in the substantive law regarding ERISA plans. *See Travelers Ins. Co.*, 514 U.S. at 656-67.

Because Defendants' state law counterclaims are related to the Plan, and adjudication of the counterclaims could potentially undermine the goals of ERISA, the Court holds Defendants' counterclaims arising under state law are preempted.

The Court's holdings articulated above are dispositive of Plaintiff's Motion to Dismiss, and the Court therefore declines to address the remaining arguments of the parties. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first

reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI.    CONCLUSION

Wherefore, based on the foregoing analysis, it is the judgment of the Court Plaintiff's Motion to Dismiss is **GRANTED**, and Defendants' counterclaims for fraud, breach of contract/breach of duty of loyalty, unjust enrichment, and breach of fiduciary duty are **DISMISSED** as preempted by ERISA.

**IT IS SO ORDERED.**

Signed this 1st day of November 2017 in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE