IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Frederick D. Shepherd, Jr., ) | C/A No. 8:15-cv-04337-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Community First Bank, Community ) | |
| First Bank SERP Plan, Richard D. ) | **OPINION AND ORDER** |
| Burleson, Gary V. Thrift, Dr. Larry S. ) | |
| Bowman, William M. Brown, John R. ) | |
| Hamrick, James E. Turner, Charles L. ) | |
| Winchester, and Robert H. Edwards, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before this Court are the Plaintiff's Motion for Attorneys' Fees and Costs and Defendants' Motion to Stay Execution Pending Appeal Without Supersedeas Bond. ECF Nos. 139, 148. The Motions have been fully briefed and the issues are ripe for review. *See* ECF Nos. 147, 149, 151, 152.

**I.   Motion for Attorneys' Fees and Costs**

In his Motion for Attorneys' Fees and Costs, Plaintiff seeks $561,575 in attorneys' fees and $2,044.63 in costs. ECF No. 139 at 14. In response, Defendants contend that Plaintiff should receive no more than $121,740 in attorneys' fees and costs, and, alternatively, request that the Court defer deciding the issue until the Fourth Circuit resolves Defendants' appeal of the underlying Order. ECF No. 147 at 1–2. In light of the pending appeal, the Court exercises its discretion and defers ruling on the pending Motion for Attorneys' Fees and Costs until resolution of the underlying appeal. The parties are directed to file a joint status report within 14 days of the Fourth Circuit's mandate.

Additionally, if Plaintiff prevails on appeal, he may file a supplemental fee petition if necessary. Accordingly, [139] Plaintiff's Motion for Attorneys' Fees and Costs is **STAYED PENDING APPEAL.**

## II. Motion to Stay Execution Pending Appeal Without Supersedeas Bond

In their Motion to Stay Execution Pending Appeal, Defendants ask this Court to stay execution of the judgment without requiring Defendants to post any bond or other security. The essence of their argument is that they are fully solvent and can "easily meet the judgment" if the Fourth Circuit affirms the underlying Order. ECF No. 147 at 3. In support of this position, Defendants submitted a Declaration of Jennifer M. Champagne, the Executive Vice President and Chief Financial Officer for Defendant Community First Bank ("Community First"), which states that Community First holds $38.648 million in cash deposits and $39.634 million in unpledged, available-for-sale securities. ECF No. 148-1.

Federal Rule of Civil Procedure 62 permits a party to "obtain a stay by providing a bond or other security." Various courts have held that district courts have the inherent authority to grant an unsecured stay. *See Se. Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 457–58 (D.S.C. 2006) (collecting cases). "The Fourth Circuit apparently has not adopted any particular standard to guide the district court's exercise of discretion in granting unsecured stays." *Id*. at 458. However, the District of South Carolina Local Civil Rule 62.01 prescribes the following procedure:

> The appellant shall not be entitled to a stay of execution of the judgment pending appeal unless the appellant executes a bond with good and sufficient sureties, approved by the Clerk of Court, payable to the Clerk of Court with condition, failing the appeal, to satisfy such judgment as the appellate court may render, when the judgment is:

2

    (A)    For the payment of money only, in an amount equal to 150% of the amount of the judgment if the judgment does not exceed ten thousand dollars ($10,000) or 125% if the judgment exceeds ten thousand dollars ($10,000);

    (B)    For the payment of money and also for the performance of some other act or duty, or for the recovery or sale of property or the possession thereof, in such sum, in addition to the sum required for money judgments only in (A) above, as the trial court may in writing prescribe; or if appellant wishes to supersede the judgment as to the payment of money only, the requirements of (A) above shall apply;

. . . .

Local Civil Rule 62.01 (D.S.C.).

While district courts possess the inherent authority to stay a civil judgment without posting a bond, the Court is guided by the Local Rules and finds that a bond should be required in this case. The question then becomes, what amount should be required? Here, the parties differ greatly in their interpretation of the Local Rule and the effect of the judgment in this case. Plaintiff contends that the total amount of supersedeas bond required for an automatic stay under Rule 62 is $4,022,548.21. ECF No. 151 at 5–6. Plaintiff arrives at this number by calculating 125% of the back benefits owed ($1,198,648.90) and 125% of the present value of the future benefits owed ($2,823,899.31).[1] Plaintiff attached an affidavit of a forensic economist—Dr. Charles Alford—which outlines, in detail, how these numbers are calculated.[2]

---

[1] Plaintiff's computation of the amount required for an automatic stay does not include post-judgment interest or attorneys' fees and costs.

[2] The Court notes that Dr. Alford attached a case list to his report, which contains a number of cases that the undersigned was involved in prior to his appointment to the federal bench. Indeed, the undersigned and his former law firm have used Dr. Alford on a number of occasions, as have many lawyers in the South Carolina community. This has no bearing on the Court's holding in this case, and the Court notes it only out of full candor to the parties.

Defendants disagree with these numbers and focus a large portion of their argument on Dr. Alford's use of the South Carolina prejudgment interest rate and inclusion of the present value of future benefits payments. As to the first issue, Defendants state that "the overwhelming majority of courts which have examined the issue have applied prejudgment interest at the federal rate, not the state rate. ECF No. 152 at 3 (citing cases). Defendants claim that Plaintiff relies on two district court cases in support of his use of the South Carolina prejudgment interest rate. This is a misstatement of Plaintiff's argument and a misstatement of the law of this Circuit. Indeed, Plaintiff does cite to one District of South Carolina case in support of his argument; however, the other case cited by the Plaintiff is an *en banc* decision of the Fourth Circuit that applied Virginia's prejudgment interest rate in the context of an ERISA case. *See* ECF No. 151 at 4–5 (citing *Quisenberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1030–31 (4th Cir. 1993) (en banc); *Harrison-Belk v. Rockhaven Comm. Care Home, Inc.*, 2008 WL 2952440 (D.S.C. 2008)).

While district courts do have discretion as to the prejudgment interest rate to apply in a given case, the Court is guided by the Fourth Circuit's approval of a state prejudgment interest rate in an ERISA case. Moreover, the Court cautions Defendants against misrepresenting Plaintiff's arguments and misstating the applicable law. Both parties in this case have made accusations of unprofessional conduct against each other, and the state court in a related action issued a considerable sanctions award against Defendants for unprofessional conduct. The Court expects candor from all counsel in this case and will not countenance misrepresentation of the facts or law in future filings. Accordingly, given the state of the law in this Circuit, the Court accepts Plaintiff's use of South

Carolina's prejudgment interest rate in determining the back benefits owed.

As to Defendants' second argument about future payments, the Court finds that it would be inappropriate in light of the terms of the plan document to require Defendants to post a bond that includes all future payments given natural uncertainty about Plaintiff's life expectancy and the plan's requirement for payment of the Accrual Balance amount if Plaintiff were to die before the conclusion of the future payments.

Taking all of these facts into consideration, Defendants' [148] Motion to Stay Execution Pending Appeal Without Supersedeas Bond is **DENIED.** Defendants have two options: (1) they can pay the past due amount of $1,198,648.90 plus applicable post-judgment interest and pay future monthly benefits; or (2) they can post a supersedeas bond in the amount of $2,000,000. This bond is necessary to protect Plaintiff's judgment if it is affirmed on appeal by the Fourth Circuit, and is appropriate in light of Defendants' prior financial problems, prior FDIC involvement, and the lack of significant earnings. The Court arrives at this bond amount by evaluating the past due benefits, potential attorneys' fees, post-judgment interest, and the amount of future benefits reasonably likely to be due during the pendency of the appeal. Given the uncertainty about the length of the appeal and the amount of attorneys' fees and costs due at this time, the Court has erred on the side of a smaller bond so as not to be punitive and to comport with the requirements of Federal Rule of Civil Procedure 62.

## CONCLUSION

For the reasons detailed above, Plaintiff's [139] Motion for Attorneys' Fees and Costs is **STAYED PENDING APPEAL**, and Defendants' [148] Motion to Stay Execution Pending Appeal Without Supersedeas Bond is **DENIED.**

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

June 24, 2019
Spartanburg, South Carolina